UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JAN 21 2014
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.                                              Criminal No. 2:12cr189

MARCUS WARRICK,

        Defendant.

## MEMORANDUM ORDER

This matter is before the Court on Defendant's Second Motion in Limine. ECF No. 42. With the jury trial of this matter scheduled to begin on January 28, 2014, the Court has erred on the side of brevity in this Memorandum Order so as to give the parties sufficient time to reflect on the Court's Order and adjust their preparations accordingly.

I.

The Defendant filed a Motion in Limine on December 30, 2013 "seeking a pre-trial ruling from the Court regarding the admissibility of certain expected evidence to be presented by the [G]overnment." ECF No. 42 at 1. Specifically, the "Defendant seeks to prevent the [G]overnment from admitting as evidence recorded jail telephone communications between the Defendant and his wife and between Defendant and members of the clergy." ECF No. 47 at 1. Defendant "claims that the recorded

calls were privileged under the confidential communications privilege between spouses and the clergy communications privilege." Id. The Government asserts that Defendant voluntarily utilized jail communications services to talk to his wife, as well as his church pastor and associate pastor, and that these conversations were recorded. The Government also points out that at the Western Tidewater Regional Jail ("WTRJ"), where Defendant is being held, before telephone conversations between an inmate and another person occur, a pre-recorded message notifies both parties that the call may be monitored or recorded. Similarly, the Government asserts that when inmates receive visitors at the WTRJ, there is a plexi-glass partition separating them and requiring them to talk via an internal phone system. When the parties pick up the phones, they hear a pre-recorded message telling them that the call may be monitored or recorded.

The Government contends that in each of these situations, as a result of the audible warning that such conversations might be recorded, "any privilege that may exist does not apply because the communications were not confidential." ECF No. 47 at 2. The Court agrees.

II.

"In federal courts, evidentiary privileges are governed by Rule 501 of the Federal Rules of Evidence." In re Grand Jury

2

Investigation, 918 F.2d 374, 378 (3d Cir. 1990). "The Rule dictates the evaluation and application of a federal common law of privilege in federal criminal cases." Id. The burden of proof in establishing a privilege's applicability rests with the party asserting such privilege. United States v. Acker, 52 F.3d 509, 514-15 (4th Cir. 1995).

III.

As the Government has pointed out, the "confidential communication privilege does not apply in a jail call situation where the parties are on notice that the call may be recorded or monitored." ECF No. 47 at 3 (citing United States v. Madoch, 149 F.3d 596 (7th Cir. 1998) (observing that communications in such a setting "are likely to be overheard," thus destroying any expectation of privacy or confidentiality); United States v. Ramsey, 786 F. Supp.2d 1123 (E.D. Va. 2011) (conversations between an incarcerated husband and his wife made over the phone and in person while he was confined in jail negated the presumption of confidentiality)). Similarly, the priest-penitent privilege is inapplicable where there is no expectation of confidentiality. WebXchange Inc. v. Dell, 264 F.R.D. 123, 128-29 (D. Del. 2010) (presence of multiple parties, unrelated by blood or marriage, during discussions with member of clergy may, but will not necessarily, defeat the condition that communications be made with a reasonable expectation of

3

confidentiality for clergy-communicant privilege to attach; the necessary inquiry is whether the third party's presence is essential to and in furtherance of the communication to the clergyperson); see In re Grand Jury Investigation, 918 F.2d at 379-80 (acknowledging proposed Rule 506's confidentiality requirement and adopting same); see also State v. Archibeque, 221 P.3d 1045, 1050 (Ariz. Ct. App. 2009) ("[t]he presence of a third person will usually defeat the privilege on the ground that confidentiality could not be intended with respect to communications that the speaker knowingly allowed to be overheard by others foreign to the confidential relationship" (quoting MORRIS K. UDALL, ET AL., LAW OF EVIDENCE § 71, at 128 (3d ed. 1991)); People v. Bragg, 824 N.W.2d 170, 189-90 (Mich. Ct. App. 2012).

Because Defendant, his wife, and pastors were placed on notice that the conversations at issue might be recorded or monitored, Defendant clearly had no reasonable expectation of confidentiality. Therefore, Defendant cannot claim any privilege arising from his conversations with his wife and his pastors.

For the reasons stated above, Defendant's Motion in Limine, EFC No. 42, is **DENIED**.

**IT IS SO ORDERED.**

                                                      /s/ _____
                                                      Mark S. Davis
                                      UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

January 21, 2014